ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of --                                    )
                                                )
Snowdon, Inc.                                   )    ASBCA No. 59705
                                                )
Under Contract No. HDTRA1-10-C-0065             )

APPEARANCE FOR THE APPELLANT:        Mr. William J. Welsh
                                      Owner

APPEARANCES FOR THE GOVERNMENT:      E. Michael Chiaparas, Esq.
                                      DCMA Chief Trial Attorney
                                     Gregory T. Allen, Esq.
                                      Trial Attorney
                                      Defense Contract Management Agency
                                      Chantilly, VA

OPINION BY ADMINISTRATIVE JUDGE MCILMAIL

INTRODUCTION

Appellant, Snowdon, Inc. (Snowdon), appeals from a contracting officer's final decision demanding payment to the government of $47,500, the amount that Snowdon received from a third party to which it sold government property used to perform a contract that Snowdon had with the Defense Threat Reduction Agency (government). We deny the appeal, and award to the government $47,500, plus interest. Appellant has elected to proceed pursuant to Board Rule 12.3.

FINDINGS OF FACT

In July 2010, Snowdon entered into a research and development contract with the government (R4, tab 1). The contract incorporated by reference Federal Acquisition Regulation (FAR) clause 52.245-1, GOVERNMENT PROPERTY (JUN 2007) and FAR clause 52.232-17, INTEREST (OCT 2008) (R4, tab 1 at G-17). The contract's performance period ended in August 2011 (R4, tab 4). In the course of and for the purpose of contract performance, Snowdon purchased two pieces of equipment for which the government reimbursed Snowdon, vesting title in the equipment to the government (see compl. at 2; R4, tab 7 at 76, 81, tab 16 at 1-2).

In 2012, Snowdon and the government engaged in a series of communications regarding the disposition of the government-owned equipment (R4, tab 7 at G-77-81). On 17 May 2012, the government informed Snowdon by email that "[i]f none of the

equipment is deemed good for use here or transferred to another project then it will be left to Snowdon," ending the email with the postscript "More to follow...." (*id.* at G-78-79). Later the same day, in response to Snowdon asking when the government might make its decision, the government's representative stated "I think 2 weeks at the most" (*id.* at G-78). On 20 June 2012, Snowdon followed up, requesting that the government provide equipment disposition instructions because, Snowdon advised, it was vacating its facility at the end of the month (*id.* at G-73).

On 30 July 2012, Snowdon sold the equipment to TAXIS Pharmaceuticals (TAXIS) for $47,500 (compl. at 4; R4, tab 7 at G-85). There is no evidence that upon sale of the equipment, Snowdon offered to remit the proceeds to the government. In June 2014, the government inquired of Snowdon regarding the equipment (*id.* at G-81). Snowdon informed the government that "no instructions [regarding the equipment] were ever provided to Snowden" (*id.* at G-77), and that "[a]bsent guidance from the [contracting officer], the company was forced to take responsibility for the equipment and sold it" (*id.* at G-73). On 27 August 2014, the contracting officer issued a final decision demanding payment to the government of $47,500, finding that Snowdon had sold the equipment, for that amount, without government approval (R4, tab 11).

## DECISION

Snowdon owes the government $47,500, plus interest. FAR clause 52.245-1, GOVERNMENT PROPERTY (JUN 2007) provides, at paragraph (j)(9), that "[a]s directed by the Contracting Officer, the Contractor shall credit the net proceeds from the disposal of Contractor inventory to the contract, or to the Treasury of the United States as miscellaneous receipts." The same clause defines, at paragraph (a), "Contractor inventory" as including "[a]ny property acquired by and in the possession of a Contractor...under a contract for which title is vested in the Government and which exceeds the amounts needed to complete full performance under the entire contract."

There is no dispute, and we so find, that the equipment that Snowdon sold to TAXIS was "Contractor inventory," and that the net proceeds that Snowdon realized from the disposal of that equipment is $47,500. Consequently, pursuant to FAR clause 52.245-1(j)(9), Snowdon owes the government $47,500. Snowdon contends that the government abandoned the equipment, but we disagree. FAR clause 52.245-1(k)(2) provides that "[t]he Government, upon notice to the Contractor, may abandon any nonsensitive Government property in place," but Snowdon received no such notice. At most, the communications between Snowdon and the government establish that the government was considering its options for disposing of the equipment, including abandonment, but did not communicate any disposal decision to Snowdon. Indeed, without any instructions or guidance from the government, Snowdon took matters into its own hands and sold the equipment to a third party.

2

In view of our decision, we find it unnecessary to address the parties' other arguments.

CONCLUSION

For the reasons stated, the appeal is denied, and the government is awarded $47,500, plus interest pursuant to FAR clause 52.232-17, INTEREST (OCT 2008), from 27 August 2014, the date of the contracting officer's final decision demanding payment, until the date of payment.

Dated:  20 May 2015

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59705, Appeal of Snowdon, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

3